[No. 25557.   Department One.   August 29, 1935.]

THE STATE OF WASHINGTON, *on the Relation of H. Dyer Dyment, Appellant,* v. C. A. BOOTH *et al., Respondents.*[1]

[1]Reported in 48 P. (2d) 640.

W. W. *Mount* and *Teats & Teats,* for appellant.

*Howard Carothers, Hilton B. Gardner,* and *Bartlett Rummel,* for respondents.

GERAGHTY, J.—This is an appeal from the judgment of the superior court of Pierce county affirming an order of the civil service commission of the city of Tacoma sustaining the discharge of appellant from the police force of that city by the commissioner of public safety.

The appellant became a member of the Tacoma police department in 1907. He was promoted from time to time through civil service examinations, and in 1919 attained the rank of captain. In 1921, he was appointed chief of the police force, serving as such until 1923 when he resumed his former grade of captain. At the city election in 1926, he was elected city commissioner for the term of four years and assumed the duties of that office June 7, 1926. He was reelected in 1930 for another four-year term ending June 4, 1934.

At the time of appellant's first election, the charter of the city of Tacoma did not provide for the election of commissioners to specified departments; individual commissioners, after election, were assigned to departments by the commission acting as a city council.

Upon his first election, appellant was assigned to the department of public safety, under which the police force was a subdivision. In 1927, the charter was amended to provide for the election of commissioners to specified departments. Appellant's election in 1930 was as commissioner of public safety, the department of which he had theretofore been the head by designation of the council.

About a month prior to the expiration of his term of office, appellant applied to the civil service commission for reinstatement to the position of captain in the police force, which he had held prior to election to the office of commissioner. The commission made an order restoring him to his former rank, effective as of June 5, 1934. On June 4th, the day of his retirement from the office of commissioner, he applied to the police pension board for retirement from the police force upon pension, alleging his physical incapacity to perform the duties of a police officer. What disposition was made of his application for pension does not appear in the record, nor is it material here except in so far as appellant's allegation of his incapacity might have been considered by the civil service commission as an admission of his physical incapacity.

June 4, 1934, appellant was granted a two-weeks leave of absence by his successor, Commissioner Callender. It is to be inferred from the briefs that this leave was granted in the expectation that his application for retirement and pension would be disposed of during this interval. On July 3, 1934, Commissioner Callender served upon appellant a formal notice of discharge from the police force, upon the ground of incompetency and inefficiency by reason of physical disabilities. On appeal to it, the civil service commission ruled that the notice of discharge attempted to be given was insufficient.

Thereafter, on August 31, 1934, the commissioner again discharged appellant, on the grounds of incompetency and inefficiency by reason of physical disabilities, and that he was not legally a member of the police force. Appellant requested a hearing before the civil service commission pursuant to the terms of the city charter. A hearing was had, at which the commission

sustained the discharge on the grounds specified by Commissioner Callender.

Appellant appealed to the superior court, by writ of review, from the ruling of the civil service commission; and after trial of the issues the court sustained the action of the civil service commission, holding (1) that, when the appellant assumed the elective office of city commissioner, he thereby abandoned his position on the police force and could not, at the expiration of his term, claim a right to reinstatement; (2) that the civil service commission's attempted reinstatement was void as beyond its power under the charter, and that, notwithstanding this illegal reinstatement, the commissioner of public safety was entirely within his rights in discharging appellant; and (3) that, even if it had been competent for the civil service commission to reinstate appellant to his former rank on the police force, the commissioner of public safety had the right to discharge him for physical disabilities rendering him incompetent for the service.

The controlling question in the case is the right of the civil service commission to reinstate appellant in his former position of captain on the police force upon the expiration of his term as commissioner.

It must be borne in mind that, except for the civil service provisions of the city charter, the appellant could have no valid claim to the position. The appointing power could remove at will and without the assignment of cause. The appellant must find support in the charter for his claimed right to reinstatement.

■ Article II, § 7, of the city charter classifies generally all persons in the city's service into four classes. Class A embraces all elective officers; class B, certain appointive officers, including heads of various subdivisions, among them the chiefs of the fire and police departments, and unsalaried boards and commissions;

class C includes clerks and assistants, embracing firemen, police officers and all persons employed in a clerical capacity or as assistants to officers; and class D, all other employees in the service of the city not otherwise classified.

Article XIV, §§ 89-99, provides for the creation of a civil service commission and defines its powers and duties. Section 91 provides that all persons in the service of the city shall be divided into the unclassified and classified service. The unclassified service shall comprise all positions specified in article II, § 7, classes A and B. The classified service shall embrace all other positions in the city service, being classes C and D referred to in § 7, and shall be subject to the provisions of article XIV.

Section 92 provides that the civil service commission shall make rules and regulations for the conduct of its business to carry out and enforce the provisions of article XIV.

Section 93 provides, among other things:

"(8) For transfer from one position to a similar position in the same class and grade and for reinstatement within two years of persons who, without fault or delinquency on their part, are separated from the service or reduced."

Rule 58 of the civil service commission is as follows:

"Upon written application of any former employee and favorable endorsement of the head of the department in which he was employed, the Commission may, by action recorded in its minutes, provide for reinstatement to the lay-off register according to length of service of persons who are physically able to perform the duties of the position sought, and who without fault or delinquency are separated from the service, within two years of the date of separation. Such eligibility to continue only two years after the employment ceases."

Appellant can claim no right under the quoted provision of § 93 of the charter, nor under rule 58, for two reasons: In the first place, his reinstatement was not made within the two-year period following his separation from service in the police department, and secondly, because, if otherwise within rule 58, he would be entitled only to reinstatement on the lay-off register for assignment to active duty as an opening offered.

Appellant relies upon rule 59 of the rules of the civil service commission, which is as follows:

"Whenever an employee in any department who is under Civil Service shall be appointed to a position with the city which is not under Civil Service, such an employee, in case of his removal from the position in which he was appointed, shall be reinstated in the position from which he was appointed, provided his removal or discharge has not been for cause, and upon that question he shall be entitled to a hearing in pursuance of section 96 of the City Charter."

We think the purpose of this rule is obvious. It is not intended to apply to elective officers. The word "appointed" is used advisedly as distinguished from "elected," and has relation to the appointive positions outside civil service embraced within class B as defined in article II, § 7. Rule 59 supplements, and is to be read in connection with, the preceding rule, 58. Under rule 58, an employee who has been separated from the service may regain his civil service status by reinstatement within two years, but not necessarily immediate employment. He must wait until there is an opening. Under rule 59, when his separation from the service in which he was employed results from appointment to a position in the unclassified service, at the termination of that service, without fault on his part, he is entitled to be restored to his former position, not merely placed upon the lay-off register as provided in rule 58.

Appellant's own experience in the police department illustrates our view of rule 59. We have seen that, while holding the position of captain in the police force, he was appointed chief of police, a position not in the classified service. When his service as chief terminated by appointment of another to the office, he immediately resumed his former position of captain.

It may be said for the existing charter of the city of Tacoma that it was drawn with much care and attention to detail, and it may reasonably be assumed that, if it had been the intention of its framers to preserve to employees within the classified service elected to office the right to resume their former service at the expiration of the elective term, that intention would have been definitely expressed.

Appellant, in his brief, refers to his election as a promotion to the office of city commissioner. It may, in a broad sense, be considered as a promotion by the electors of the city to a higher office, but it was not a promotion in the sense contemplated by the civil service provisions of the charter or the rules of the commission. If he had been elected to a county office, it would be equally a promotion, but we apprehend, if that had been the case, appellant would not assert the right to reinstatement as a police officer at the expiration of his term.

The fact that, during the period of his incumbency in the office of commissioner, the appellant was at the head of the public safety department, and thereby had governmental supervision over the police force, did not make him a member of the force any more than it made him a member of the fire department, which was also administered under the department of public safety. Article VI, § 37, provides that the chief of police shall be the head of the police force of the city,

and that all police officers shall be under his immediate direction and command.

We are of the opinion that the trial court correctly held that, in accepting the elective office, the appellant terminated his membership upon the police force and lost his civil service rating, except as to the right to be reinstated to the lay-off register within the two-year period. This being so, the order of the civil service commission reinstating him to active service in his former rank of captain was ineffective and void. The commissioner of public safety was under no legal duty to recognize his status. The commissioner could have refused, notwithstanding his purported reinstatement, to give him any assignment. Instead of doing this, he formally discharged him, alleging the illegality of his reinstatement as well as the fact of his physical incapacity. The appellant himself brought the matter before the civil service commission by his appeal. The order of the commission sustaining the discharge was entirely proper.

The judgment will be affirmed.

BEALS, TOLMAN, and MAIN, JJ., concur.